IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| J. DONALD HENSON, SR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF HEALTH AND HUMAN)<br>SERVICES, FOOD & DRUG)<br>ADMINISTRATION, FEDERICK J.)<br>SADLER, SARAH KOTLER, and CAROL)<br>MALONEY, )<br>)<br>Defendants. ) | Case No. 3:14-cv-908-DRH-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Reconsideration filed by Plaintiff on October 23, 2014 (Doc. 27) and the Motion for Instruction filed by Plaintiff on November 13, 2014 (Doc. 28). Both Motions are **DENIED.**

Plaintiff appears to be having difficulty serving Defendants in this matter. On September 2, 2014, this Court denied, without prejudice, Plaintiff's request for appointment of the United States Marshal to effect service of process. In doing so, this Court directed Plaintiff to the appropriate Rule, Rule 4 of the Federal Rules of Civil Procedure, and further directed Plaintiff, who appears to be computer savvy, to the Pro Se Litigant Guide that can be acquired from the Court's webpage. From Plaintiff's filings, it appears that he is educated, capable of reading and writing in English, and that he should be able to follow the procedures outlined in Rule 4. Plaintiff seeks reconsideration of the Order denying service of process by the Marshal and further seeks instruction on how to serve the individual Defendants.

Plaintiff has attempted to serve the individual Defendants in this case by sending them an

e-mail containing a copy of the Complaint and by mailing packages to them containing a copy of the Complaint (it is unclear whether Plaintiff sent the document via certified or registered mail). Plaintiff then enlisted the services of the Montgomery County (Maryland) Sheriff's Office, which attempted to serve the individual Defendants at their worksite. Plaintiff has filed proofs of service as to Sarah Kotler, Frederick J. Sadler, and the Food & Drug Administration ("FDA") (via Elizabeth Dickinson) (Docs. 29, 31, and 32). It appears, however, that Ms. Kotler, Mr. Sadler, and the FDA were served at a business address in Maryland. No Defendant has entered an appearance in this matter as of the date of this Order.

Plaintiff is suing two federal government agencies, the Department of Health and Human Services ("DHHS") and the FDA. He also is suing three individuals, Federick J. Sadler (with the FDA), Sarah Kotler (with the FDA), and Carol Maloney (with DHHS). From the Amended Complaint, it appears that Plaintiff is suing the individuals in there official capacities, as employees of the FDA and the DHHS. In particular, Plaintiff alleges that a number of his Freedom of Information Act requests were either ignored or improperly rejected by the individuals on behalf of either the FDA or DHHS.

Because Plaintiff is suing agencies and employees of the United States, he must follow the requirements of Rule 4(i). The Rule provides:

> (i)   Serving the United States and Its Agencies, Corporations, Officers, or Employees.
>
> > (1)   *United States.* To serve the United States, a party must:
> >
> > > (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

2

                (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

        (B)      send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

        (C)      if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

    (2)    *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

    *Id*.

From Plaintiff's filings, it does not appear that he has served the United States. It also does not appear that Plaintiff has sent a copy of the summons and complaint to the FDA, DHHS, or the individuals by "registered or certified mail."

In order to move these proceedings along, Plaintiff is **DIRECTED** to follow the requirements of Rule 4(i). In particular, Plaintiff should mail, ***by certified or registered mail***, a copy of the Amended Complaint (and all the attachments thereto) (Doc. 11) and summons to the civil process clerk for the United States Attorney for the Southern District of Illinois, to the Attorney General of the United States, and to the FDA and DHHS. Addresses for each of these entities can easily be found on the internet. Plaintiff should file, with the Clerk of Court, proof of service.

To the extent that the docket sheet indicates that Answers are due on November 12, 2014, those dates are hereby **VACATED**.

Plaintiff is now **WARNED** that Rule 4(m) requires service within 120 days of the filing of

3

the Complaint (in this case, by December 17, 2014) and that the failure to serve by the deadline may result in dismissal without prejudice. Plaintiff is further **DIRECTED** to review the Federal Rules of Civil Procedure. Plaintiff status as a *pro se* litigant will not excuse him from following the Federal Rules or the rules of this Court. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED: November 20, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**