IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| J. DONALD HENSON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-908-DRH-DGW |
| | ) | |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, FOOD & DRUG ADMINISTRATION, FEDERICK J. SADLER, and SARAH KOTLER, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Requests to Admit (Doc. 43), Motion to Compel Production of a Vaughn Index (Doc. 44), Motion to Void Aggregation Determination (Doc. 45), and Motion to Compel (Doc. 46) filed by Plaintiff, J. Donald Henson, Sr., and the Emergency Motion for Protective Order (Doc. 49) filed by Defendants. Plaintiff's Motions are **DENIED WITHOUT PREJUDICE**, the Requests to Admit are **STRICKEN**, and Defendant's Motion is **GRANTED**.

BACKGROUND

This matter is proceeding on a Second Amended Complaint, filed on December 15, 2014 (Doc. 39), in which Plaintiff seeks relief pursuant to the Freedom of Information Act (FOIA). Plaintiff not only seeks responses to the information requests that he submitted to the Food and Drug Administration and the Department of Health and Human Services, but he also seeks a finding that Defendants violated FOIA in various ways.

In Plaintiff's three motions, he seeks various discovery, including a Vaughn Index.

Plaintiff also has submitted Requests to Admit pursuant to Federal Rule of Civil Procedure 36 (Doc. 43). For the reasons set forth below, Plaintiff's discovery requests are premature.

## DISCUSSION

Federal Rule of Civil Procedure 26(b) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." While the materials that Plaintiff seeks may be relevant to his claim that the FDA and DHHS improperly withheld documents, discovery in this Freedom of Information Act, 5 U.S.C. §552, case is unique because discovery generally is not permitted until Defendants have filed a Vaughn Index along with a motion for summary judgment. The Vaughn Index is usually an affidavit from Defendants detailing the steps taken in responding to the Plaintiff's FOIA request. Thus, the Defendants assert that they are entitled, for good cause shown, to a protective order pursuant to Rule 26(c).

FOIA provides that a person may file suit in order to challenge the improper withholding of agency documents.

> In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action.

> Id.

The statute specifically allows for the Court to conduct an *in camera* inspection of documents responsive to a FOIA request that are withheld based on a privilege. In considering such lawsuits, a number of federal courts have discussed the propriety of allowing discovery prior to the filing of a motion for summary judgment. The Tenth Circuit Court of Appeals has stated that:

> Affidavits submitted by an agency [in support of a motion for summary judgment] are accorded a presumption of good faith; accordingly, discovery relating to the

> search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face. When this is the case, the district court may forgo discovery and award summary judgment on the basis of affidavits. In order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate.
>
> *Liverman v. Office of Inspector General*, 139 Fed.Appx. 942, 945 (10th Cir. 2005) (quotation marks and citations omitted).

This conclusion and procedure was directly quoted from a Second Circuit Court of Appeals case, *Carney v. United States Department of Justice*, 19 F.3d 807, 812–813 (2nd Cir. 1994). *See also Simmons v. United States Department of Justice*, 796 F.2d 709, 711-712 (4th Cir. 1986) (noting that "the district court has the discretion to limit discovery in FOIA cases and to enter summary judgment on the basis of agency affidavits in a proper case"); *Allen v. United States Secret Service*, 335 F.Supp.2d 95, 99 (D.D.C. 2004) ("It is well-settled in a FOIA action, the court must deny discovery when the affidavits are sufficiently detailed and submitted in good faith . . . ." (citation omitted)). Each case follows the same procedure in FOIA cases: the Defendant files a motion for summary judgment and only thereafter is discovery permissible. Discovery in this matter also will not occur (if at all) until after Defendants file their motion for summary judgment. After Defendants file their motion for summary judgment and supporting affidavit, Plaintiff may seek discovery through Federal Rule of Civil Procedure Rule 56(d). Thus, if Plaintiff believes, and makes a showing, that the affidavit(s) provided by Defendants are defective or otherwise insufficient, he may petition the District Court to conduct whatever discovery he believes is necessary.

Defendants are accordingly **ORDERED** to file their Motions for Summary Judgment by **March 30, 2015**.

## CONCLUSION

For the foregoing reasons, the Requests to Admit are **STRICKEN** (Doc. 43), the Motion to Compel Production of a Vaughn Index is **DENIED WITHOUT PREJUDICE** (Doc. 44), the Motion to Void Aggregation Determination is **DENIED WITHOUT PREJUDICE** (Doc. 45), the Motion to Compel is **DENIED WITHOUT PREJUDICE** (Doc. 46), and the Emergency Motion for Protective Order is **GRANTED** (Doc. 49). Defendants shall file their Motions for Summary Judgment by **March 30, 2015.**

**DATED: February 18, 2015**

*/s/ Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**