IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

J. DONALD HENSON, SR.,

**Plaintiff,**

v.

DEPARTMENT OF HEALTH AND
HUMAN SERVICES, FOOD & DRUG
ADMINISTRATION, FEDERICK J.
SADLER, and SARAH KOTLER,                    No. 14-cv-908-DRH-DGW

**Defendants.**

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

This matter is before the Court on defendants Frederick J. Sadler and Sarah Kotler's motion to dismiss pursuant to FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6) (Doc. 38). Plaintiff timely filed his response opposing dismissal of the individual parties (Doc. 40). For the reasons stated below, the Court **GRANTS** defendant's motion to dismiss.

### I.   Introduction and Background

On August 19, 2014, plaintiff J. Donald Henson, Sr. ("Henson"), a former employee of the Food & Drug Administration (FDA), filed this *pro se* action against the Department of Health and Human Services (HHS), the FDA, and two individual FDA officials, Frederick J. Sadler and Sarah Kotler, claiming that they

violated the Freedom of Information Act ("FOIA"), 5 U.S.C. 552 (Doc. 39). Henson alleges that the FDA denied the majority of his 46 individual FOIA requests by failing to properly acknowledge receipt or assign each with a "tractable FOI-ID-#" (Doc. 39 ¶5). Presently, defendants Frederick J. Sadler and Sarah Kotler move to dismiss, arguing that that this Court lacks subject matter jurisdiction over the FOIA claims against them as individual federal employees (Doc. 38).

## II. Law and Analysis

### a. Motion to Dismiss

The purpose of a motion to dismiss is to test the sufficiency of plaintiff's complaint. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990). On a motion to dismiss, the district court must accept all well-pleaded factual allegations as true and view those allegations in the light most favorable to the plaintiff. *Gillman v. Burlington Northern R.R. Co.,* 878 F.2d 1020, 1022 (7th Cir.1989).

When reviewing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the Court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the Claimant. *Alicea–Hernandez v. Catholic Bishop of Chicago*, 320 F.3d 698, 701 (7th Cir. 2003). Unsupported conclusions of fact and conclusions of law are not admitted. Watters v. Sec. of Health and Human Servs., 656 F.2d 234, 240 (7th Cir.1980). Fed. R. Civ. P. 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of*

*Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."

    b. **FOIA Claim**

FOIA serves the "basic purpose of ensuring an informed citizenry, vital to the functioning of a democratic society." *Bensman v. United States Forest Serv.*, 408 F.3d 945, 958 (7th Cir.2005). FOIA requires federal agencies to make information available to the public when requested unless the information falls within one of the specified exemptions. See *Enviro Tech Int'l, Inc. v. EPA*, 371 F.3d 370, 374 (7th Cir.2004). Furthermore, it gives federal courts authority "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." *GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*, 445 U.S. 375, (1980) (citing 5 U.S.C. § 552(a)(4)(B)).

Under federal law, civil complaints under FOIA are required to name the applicable government agency from which a plaintiff seeks relief. 5 U.S.C. § 552(a)(4)(B). Even a *pro se* plaintiff, who wishes to bring a civil action pursuant to FOIA, shall adhere to such a rule or face dismissal for failure to state a claim. *Petrus v. Bowen,* 833 F.2d at 582.

Similarly, the Seventh Circuit has dismissed Privacy Act claims in comparable cases where plaintiff's named individual agency employees as defendants. *See Brown–Bey v. United States,* 720 F.2d 467, 469 (7th Cir.1983).

Page **3** of **4**

The Seventh Circuit specifically stated that "[t]he Privacy Act authorizes private civil actions for violations of its provisions only against an agency, not against any individual.") *Id*. Accordingly, FOIA does not create a cause of action for a suit against an individual employee of a federal agency.

As a matter of course, federal agencies unmistakably remain the only proper defendant to FOIA claims. See 5 U.S.C. § 552(a)(4)(B); *Brown–Bey v. United States,* 720 F.2d 467, 469 (7th Cir.1983); *accord Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir.1987). Accordingly, all claims against Sadler or Kotler must be dismissed.

### III.   Conclusion

For the foregoing reasons, the Court **GRANTS** defendants' motion to dismiss (Doc. 38). Defendants Frederick J. Sadler and Sarah Kotler are **DISMISSED with prejudice.** The Clerk of the Court is directed to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

Digitally signed by David R. Herndon
Date: 2015.04.11 16:48:40 -05'00'

**United States District Judge**