IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| J. DONALD HENSON, SR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF HEALTH AND HUMAN )<br>SERVICES and FOOD & DRUG )<br>ADMINISTRATION, )<br>)<br>Defendants. ) | Case No. 3:14-cv-908-DRH-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Amended Proposed Briefing Schedule filed by Defendants on April 22, 2016 (Doc. 84) and the objection thereto filed by Plaintiff on April 26, 2016 (Doc. 86).

On August 24, 2015, this Court indicated that once the stay has been lifted in this matter and a final production of documents had been made, a status conference would be set to determine the next steps in this litigation (Doc. 73). Defendants represent that they provided relevant documents by the November 20, 2015 deadline and that they would either submit a stipulation of dismissal or a briefing scheduling by February 1, 2016 (Doc. 80). Defendants subsequently proposed a briefing schedule suggesting a dispositive motion filing deadline of April 29, 2016 (Doc. 81). Plaintiff responded by indicating that some discovery is deficient, that he has attempted to resolve this dispute, and that the proposed schedule is "excessively drawn-out" (Doc. 83).

In his response, Plaintiff outlines various documents that were produced and sets forth certain questions with respect to that production. For example, Plaintiff states:

> 6.  9/17   disk, Set #1, p. 299-300; 4-3-98 Gongalez to Bernhartd memo, Review of Sponsor response to request for additional information. 1) Alarm System Not tested in children during deep sleep. 2) Bias/Accuracy, More than 75% of results out of 20% bias limit.
> Q= Can FDA provide Bates stamped documents, in this production, to demonstrate these two observations were fully discussed within FDA and a resolution achieved and documented?
>
> (Doc. 79, pp. 3-4).

In each of the questions posed in the document, Plaintiff seeks additional information that would clarify, explain, provide follow-up information, or expound upon documents that he has already received.  Essentially, Plaintiff wants Defendants to go through the documents provided and identify the locations of documents that would answer Plaintiff's questions (or provide additional documents).  This matter involves the production or withholding of documents that are sought pursuant to Freedom of Information Act requests, 5 U.S.C. § 552.  Defendants have represented that they have produced all documents to which Plaintiff is entitled.  Plaintiff's statements about the presence, withholding, and relevance of certain documents goes to the very heart of his Complaint and cannot be resolved through a discovery motion.  Rather, such issues – i.e. what documents should and should not be withheld and/or what document have or have not been produced, should be resolved on summary judgment.  Such a mechanism would allow Plaintiff to present to the Court his arguments as to why Defendants have failed to comply with FOIA and will allow the Court to consider the entire record.

In a second Notice (Doc. 84), Defendants propose a new schedule, setting forth a June 3, 2016 deadline for filing their motion for summary judgment.  In Plaintiff's response (Doc. 86), he notes that there has been significant delay in this matter and that the agencies have not responded to numerous FOIA requests.  The Court has carefully considered Plaintiff's objections to the proposed schedule and is mindful of the frustration in continued delay in this matter.   On April

28, 2016, District Judge Herndon lifted the stay in this matter and set forth a presumptive trial month. While this Court previously indicated that a status conference would be set, no conference is necessary at this time. The schedule proposed by Defendant will allow the Court sufficient time to consider the arguments prior to trial.

Accordingly, the following is hereby **ORDERED**:

1. Motions for Summary Judgment are due by **June 3, 2016**. Parties shall adhere to the requirement so Local Rule 7.1.

2. Responses to Motions for Summary Judgment are due by **July 5, 2016**.

3. Reply briefs are disfavored.

4. No extension of these deadlines will be granted absent extraordinary circumstances.

**IT IS SO ORDERED.**

**DATED: April 28, 2016**

                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**